# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSAN A. EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-456-SPS |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act, and was awarded attorneys' fees under the EAJA in the amount of $7,562.00. *See* Docket No. 26. She now seeks a supplemental award of $507.00. *See* Plaintiff's Supplemental Motion for Additional Attorneys' Fees Under the Equal Access to Justice Act ("EAJA") [Docket No. 27]. As with the original fee request, the Commissioner opposes the supplemental fee request and urges the Court to deny the request. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested fees under the EAJA as the prevailing party herein.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

As previously contended, the Commissioner continues to assert that her position was substantially justified. This Court has previously found, however, that the Commissioner was *not* substantially justified. *See* Docket No. 26. Upon review of the record herein, the Court therefore finds that said supplemental amount is reasonable and that the Commissioner should be ordered to pay it to the Plaintiff as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]"); *see also Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

The Court therefore concludes that the Plaintiff should be awarded supplemental attorneys' fees as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Accordingly, IT IS ORDERED that the Plaintiff's Supplemental Motion for Additional Attorneys' Fees Under the Equal Access to Justice Act ("EAJA") [Docket No. 27] is hereby GRANTED and that the Government is hereby ordered to pay total

supplemental attorney's fees in the amount of $507.00 to the Plaintiff as the Prevailing party herein.  IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 17th day of August, 2017.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma